PONDER, Justice.
 

 Mark C. Pickrel and John T. Hood, judges of the Fourteenth Judicial District Court of Louisiana, the relators, instituted separate mandamus proceedings against A. P. Tugwell, the State Treasurer, and L. B. Baynard, State Auditor, the respondents, seeking to compel the recognition and payment of warrants drawn by them on the State Treasury for their salaries in conformity with Act 22 of 1938.
 

 Act 22 of 1938 fixed the salaries of the judges of the Fourteenth Judicial District at $7,500 per year. Prior to the passage of this act the relator judges were receiving salaries of $6,000 per year. From the date Act 22 of 1938 became effective until July 1, 1940, the relators were paid, on warrants drawn by them, $625 per month or $7,500 per year. On July 1, 1940, the State Treasurer refused to pay the relators’ monthly warrants and informed the relators that their warrants would not be honored in an amount in excess of $500 per month. Thereafter the relators received only $500 per month on their salaries. The Board of Liquidation of the state debt met on November 29, 1940, and adopted various resolutions, among which was the following resolution, viz.:
 

 “Whereas, the Office of the Attorney General has reached the conclusion that the judges of the 14th Judicial District are entitled to the salary fixed under the provisions of Act 22 of the Regular Session- of 1938, and
 

 “Whereas, the appropriation to the Judiciary Department under Item #6 of Act 44 of 1940 includes only $6,000.00 per year for tjie salaries of the judges of said district, and
 

 “Whereas, an additional fund, in the total sum of $6,000.00, will be required to pay the salary of the judges of the 14th Judicial District under the provisions of Act 22 of the Regular Session of 1938, and
 

 “Whereas, the Board of Liquidation of the State Debt, at a meeting held October 31, 1940 appropriated the sum of $7,000.00 for the retirement salary of Judge Walter T. Gilmore of the 16th Judicial District, and
 

 “Whereas, less than $300.00 of said appropriation was withdrawn due to the death
 
 *95
 
 of Judge Gilmore, which occurred shortly after he was retired as judge of the 16th Judicial District, and
 

 “Whereas, the unexpended balance in said appropriation to the Judiciary Department for the payment of the retirement salary of Judge Walter T. Gilmore is more than is required to supplement the appropriation for the salary of the judges of the 14th Judicial District, as provided under Item #6 of Act 44 of 1940, and
 

 “Whereas, under the provisions of Act 73 of the Regular Session of 1936, the Board of Liquidation of the State Debt has the authority, when a majority thereof shall determine whether it is necessary, on account of the postponement of taxes, the unavoidable delay in the assessment of property, or for the protection of the faith and credit of the State or of any of its political boards or corporations, or determines that it is to the best interest of the State or any of its political boards or corporation, or to adjust the financial affairs of the State, so that all of the provisions of law for the appropriation and dedication of public funds and the relief of property taxpayers may be complied with, without impairment of the faith and credit of the State or of its obligations, to suspend the provisions of any law of this State providing for the appropriation, deposit, expenditure, or dedication of public funds, etc., and
 

 “Whereas, it is necessary to protect the faith and credit of the State, and to prevent the impairment of its faith and credit, and is deemed to be to the best interest of the State of Louisiana that the provision of any law in conflict with this resolution be suspended, so as to permit this Board to dedicate and apply to the payment of the salaries of the judges of the 14th Judicial District, $6,000.00 of the unexpended balance of the appropriation, made by the Board of Liquidation of the State Debt on October 31, 1940 to the Judiciary Department to pay the retirement salary of Judge Walter T.. Gilmore, now, therefore,
 

 “Be it resolved by the Board of Liquidation of the State Debt, subject to the approval of the Governor of the State of Louisiana, and pursuant to the authority vested in this Board under the provisions of Act 73 of the Regular Session of 1936, that the provisions of any law of this State in conflict with this resolution be and the same is hereby suspended; and
 

 “Be it further resolved by the Board of Liquidation of the State Debt, pursuant to the authority vested in this Board under the provisions of Act 73 of the Regular Session of 1936, that the sum of $6,000.00 be and the same is hereby transferred and dedicated to-the payment of the salaries of the judges of the 14th Judicial District out of the unexpended balance of the appropriation of $7,-000.00 made by the Board of Liquidation of the State Debt on October 31, 1940, to the Judiciary Department to pay the retirement salary of Judge Walter T. Gilmore, and
 

 “Be it further resolved by the Board of Liquidation of the State Debt that the State Auditor and the State Treasurer, pursuant to the authority vested in this Board under the provisions of Act 73 of the Regular Session of 1936, be and they are hereby authorized and directed to transfer and apply to the payment of the salaries of the judges of
 
 *96
 
 the 14th Judicial District, the sum of $6,-000.00, out of the unexpended balance of the appropriation of $7,000.00 made by the Board of Liquidation of the State Debt on October 31, 1940, to the Judiciary Department to pay the retirement salary of Judge Walter T. Gilmore.”
 

 It appears that the Governor of the State, a member of the Board of Liquidation, was not present at the time the Board met but subsequently approved all of the resolutions adopted at the meeting of November 29, 1940, except the above mentioned resolution on which his’ approval or disapproval was deferred for further consideration and final action to a later date. On March 5, 1941, when these proceedings were instituted it appears, that the Governor had not up to that time taken any further action with reference to the resolution.
 

 The present proceedings were instituted by the relators seeking to compel the payment of their warrants in the sum of $625 per month when presented and the payment of the balance due them of $125 per month from July 1, 1940, to February, 1941, inclusive or a total sum of $1,000 due each of the relators, representing the difference between the $500 per month paid them and the $625 per month due them. The relators allege in effect that there are sufficient funds in the judicial salary fund to pay their full salary in accordance with Act 22 of 1938 and unless their salaries are immediately paid the salary fund will be exhausted before the relators will be able to collect their salaries. The relators allege in the alternative, in event the Court should hold that the respondents are not authorized under the general appropriation act, Act 44 of 1940, to approve and pay their salary warrants for the full amount due them in conformity with Act 22 of 1938, in such event the deficiency in their salaries should be paid out of the funds transferred by the Board of Liquidation under the aforementioned resolution.
 

 The respondents in their answer take the position that they are not authorized to approve and pay the warrants of the relator judges in an amount in excess of $500 per month for the reason that the Legislature appropriated only $6,000 per annum for the payment of each of these salaries to be paid in twelve monthly payments of $500 each on the warrant of each of the relators and that they are not authorized to approve and pay the deficiency of $125 per month from the funds sought to be transferred by the Board of Liquidation for the reason that the resolution was not effective because it had not been approved by the Governor.
 

 These separate proceedings involve identical issues and were, consolidated in the lower court for trial. Upon trial the lower court recalled the alternative writs of mandamus and rejected the demands of the relators. The relators have appealed. The cases have been consolidated for the hearing of the appeal.
 

 The respondents have moved to transfer this appeal to the Court of Appeal for the First Circuit on the ground that the appellate jurisdiction lies in that court. This motion is based on counsel’s contention that the relator in each of the suits is seeking to recover only $1,000 each.
 

 
 *97
 
 The relators have been unable to collect the deficiency in their salaries of $125 per month, each, since July 1, 1940, on account of the refusal of the State Treasurer to pay it. The relators’ terms of office will expire sometime in December, 1942. The purpose of these suits is to determine whether or not the relators are entitled to be paid this deficiency out of the judicial salary fund provided for in the general appropriation act covering the years 1941 and 1942 or whether or not they are entitled to have the funds dedicated to pay this deficiency in their salaries as provided for in the resolution involved herein. The deficiency in the salary of the relators from July 1, 1940, to the end of their terms of office amounts tc more than $3,000 to each of them. Under the provisions of Article 7, Section 10, where the amount in dispute or the fund to be distributed, irrespective of the amount claimed, shall exceed $2,000 exclusive of interest the appellate jurisdiction lies -in this Court. The motion to transfer the appeal is denied.
 

 The first question presented is whether or not the relators are entitled to be paid the deficiency in their salaries out of the judicial salary fund appropriated by the Legislature by Act 44 of 1940, under Item 6. -
 

 The second question presented is whether or not the resolution of the Board of Liquidation of November 29, 1940, which is recited in full above, is ineffective because it was not approved by the Governor.
 

 The validity of the resolution is not attacked except insofar as the respondents claim that it is ineffective because it was not approved by the Governor. The Governor is a member of the Board of Liquidation and is entitled to vote in the same manner as the other members. We know of no law and none has been cited to the effect that a resolution of the Board of Liquidation has to be approved by the Governor before it becomes effective. It is not necessáry for us to consider whether or not the Board has the authority to pass a resolution with a provision therein that it is to become effective only on the approval of the Governor for the reason that this resolution contains no such provision. The only place' in the resolution where the approval of the Governor is mentioned is in that section of the resolution where it is stated in effect that the Board of Liquidation subject to the approval of the Governor suspends any law in conflict with the resolution. There is no contention made herein that there is any law in conflict with the resolution therefore there can be no occasion for the Governor’s approval.
 

 Having arrived at the conclusion that the relators are entitled to relief under the resolution of the Board of Liquidation, there is no necessity to consider the other question raised by them.
 

 For the reasons assigned the judgment of the lower court is reversed and set aside, the writs are maintained and perpetuated; L. B. Baynard, Jr., State Auditor, is ordered to approve the salary warrants of Mark C. Pickrel and John T. Hood in the amount of $625 per month and to approve warrants drawn by the relators of $1,000 each for the deficiency due in their salaries. A. P. Tugwell, the State Treasurer, is ordered to pay the relators $1,000 each on their war
 
 *98
 
 rants and to comply with the resolution of the Board of Liquidation of State Debt of date November 29, 1940, by dedicating $6,-000, the unexpended balance of the retirement salary fund of Judge Walter T. Gilmore, to the payment of the salaries of the judges of the Fourteenth Judicial District in order that they may be paid in accordance with Act 22 of 1938.